Milton A. Wiltse, J.
Defendant was found guilty of violation of subdivision 3 of section 56 of the Vehicle and Traffic Law, on October 16, 1958, after trial before the Honorable Herbert 0. Winters, Justice of the Peace, of the Town of Watertown, and judgment of conviction was entered on said date.
From said judgment, he appeals, seeking a reversal of same. He relies on several alleged errors set forth in the moving papers, which are hereinafter considered.
A transcript of the proceedings upon the trial sets forth the testimony of two members of the New York State Police and the defendant.
Both Corporal Theodore De Luca and Trooper Norval Zufelt testified, in substance, that Trooper Zufelt was driving a State Police car in which Corporal De Luca was also riding; that they followed the defendant’s car from Adams Center on Route 11 at about 7:30 in the morning, on the date that the violation was charged, to a point within the City of Watertown, where he was stopped; that approaching traffic prevented his apprehension sooner; that they followed him at a distance of “ about 800 feet ” for “ about one mile ” in the Town of Water-town; that during said distance defendant was driving 70 miles per hour; that the defendant removed himself from behind the wheel when stopped; that there was a lady passenger with bim • that the defendant was the same person they had observed driving the car from Adams Center; and that the defendant stated that he was in a hurry because he was late for work.
Defendant, upon testifying, denied using Route 11 from Adams Center on the date in question, saying that he came upon it at a point nearer the City of Watertown; but did say that the officers stopped him at or about the point mentioned by the troopers; and denied traveling over 50 miles per hour.
*176 The officers were qualified to give opinion testimony as to speed, their opinions of speed being based on driving experience, and experience in checking their opinions against speedometers and other measuring devices. In this instance, their opinions of 70 miles per hour were checked with the speedometer on the police car during the chase.
On cross-examination the prosecutor asked the defendant whether he had previously been convicted of speeding. An affirmative answer was received over the objection of the defendant. The date of such speeding was December 21, 1955. It is urged that error prejudicial to the defendant occurred in admission of such testimony.
Error did occur in this respect, and the question was improper in form, but taking into consideration all of the circumstances and evidence in this case, it did not preclude the Justice from finding the defendant guilty, and was not such error as to affect or prejudice any substantial rights of the defendant. (Code Crim. Pro., § 764; People v. Hawk, 268 N. Y. 678.)
No other errors occurred to the prejudice of any substantial right of the defendant, and his guilt was proved beyond a reasonable doubt.
On the law and the facts, the judgment of conviction is affirmed, but the sentence is modified by reducing the fine from $50 to $25. The sentence under the judgment of conviction is that the defendant pay a fine of $25.
The District Attorney is respectfully requested to prepare an order to conform with the above, and to serve a copy of the same upon counsel for the defendant.